570

"Wherefore the defendant moves that the venire served on him for the trial of this cause be quashed."

These facts disclose an unusual status, but we do not conclude that the substantial rights of the defendant were impaired to an extent necessitating a reversal of the judgment of conviction on this point. The gist of appellant's insistence is: That the eighteen men who served upon the grand jury, and who were also on the venire to try this case, were by such service rendered incompetent for that as grand jurors they occupied the position as quasi prosecutors generally, and while engaged in their work as such grand jurors they became inoculated with that virus. That they were cultivated into a hostile frame of mind against those charged with a violation of law. That they were in the discharge of duties which were inconsistent contemporaneously with the discharge of duty as petit jurors, etc. It is not contended that the number on the venire was reduced below that ordered by the court. And it affirmatively appears that none of said eighteen veniremen served upon the grand jury which returned the indictment in this case. This indictment was returned against appellant at a former term of court. We cannot accord to the insistences of appellant above quoted, and, as no such condition will probably arise upon another trial of this case, further discussion of the question is not necessary here.

The court's oral charge was fair, full, and complete. It ably stated the issues involved upon the trial and in our opinion this charge, together with those "given" at the request of defendant, fairly and substantially covered such of the refused charges as properly stated the law.

For the error designated, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.

James C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. Without going into a detailed discussion of the evidence, we hold that the facts and legal inferences to be drawn therefrom are sufficient to sustain the conviction. The facts in this case are easily distinguishable from the facts in those cases cited by appellant in his brief.

Refused charge 4 is an argument, and refused charge 5 is not predicated upon all of the evidence.

There is no error in the record, and the judgment is affirmed.

Affirmed.

(117 So. 908)

### LYLES v. STATE. (8 Div. 672.)

Court of Appeals of Alabama. June 30, 1928.

Rehearing Denied Aug. 7, 1928.